Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ANTONIO MARTÍNEZ<br><br>Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00205 | *REVISIÓN ADMINISTRATIVA* procedente de la División de Remedios Administrativos<br><br>Solicitud número: GMA500-178<br><br>Sobre: Solicitud de Revisión Judicial |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

## SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece por derecho propio, el recurrente, Antonio Martínez, mediante el recurso de revisión judicial de epígrafe. Mediante este, cuestiona que, el 9 de marzo de 2026, le solicitó a la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación que le ordenara al Comité de Clasificación y Tratamiento evaluar su expediente, conforme a la Ley Núm. 85-2022, para fines de la Junta de Libertad Bajo Palabra, y que aún no ha recibido la respuesta a su solicitud.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, debido a que su presentación es prematura. Veamos.

### I

Antonio Martínez (Martínez o el recurrente) se encuentra confinado en la institución correccional Guayama 500. El 9 de marzo de 2026, presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DRA). Mediante esta, solicitó que se le ordenase al Comité de Clasificación y Tratamiento o Área de Récords

Penal volver a evaluar su expediente, de conformidad con la Ley Núm. 85-2022.[1] Ello, para fines de evaluar si le corresponde beneficiarse de una reducción en los requisitos para disfrutar de los beneficios de la Junta de Libertad Bajo Palabra. Según surge de la solicitud, el Evaluador a cargo recibió la solicitud el 16 de marzo de 2026.

Así las cosas, el 16 de abril de 2026, el recurrente suscribió el recurso de epígrafe, el cual tituló *Moción al amparo de la Ley Núm. 85 de 11 de octubre de 2022*. Según surge de los anejos incluidos por el recurrente, depositó el recurso en el correo el 20 de abril de 2026 y este, a su vez, fue ponchado por nuestra Secretaría como recibido y radicado, el 22 de abril de 2026. Esencialmente, el recurrente denunció ante este Foro que aún no ha recibido respuesta de la DRA respecto a la *Solicitud de Remedio Administrativo* que instó.

Con el propósito de lograr el más justo y eficiente despacho del asunto ante nuestra consideración,[2] procedemos a disponer del recurso del epígrafe.

**II**

**A**

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de*

---

[1] En su Sección 1, la Ley Núm. 85-2022 enmendó el Artículo 308 de la Ley Núm. 146-2012, según enmendada, conocida como *Código Penal de Puerto Rico*, a los fines de reducir los términos para cualificar para los beneficios de la Junta de Libertad Bajo Palabra.

[2] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), la cual dispone lo siguiente: "El Tribunal de Apelaciones tendrá facultad para prescindir de términos no jurisdicciones, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía".

*Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y en que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo […]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

Cónsono con lo anterior, este Foro puede desestimar un recurso ante su consideración, por falta de jurisdicción. Ello, a petición de parte, en virtud de la Regla 83(B)(1) de nuestro Reglamento o *motu proprio*, de conformidad con el inciso (C). Regla 83 Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.[3]

---

[3] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR ___ (2025).

**B**

El Artículo 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 LPRA sec. 24y(c), solo autoriza al Tribunal de Apelaciones a revisar órdenes o **resoluciones finales** emitidas por organismos o agencias administrativas. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 113 (2023). De este modo, una orden o resolución se considera final cuando ha sido emitida por la última autoridad decisoria o adjudicativa del ente administrativo y **pone fin a la controversia ante la agencia,** sin dejar asunto pendiente alguno. *Bird Const. Corp. v. AEE*, 152 DPR 928, 935-936 (2000); *J. Exam. de Tec. Med. v. Elías et al.*, 144 DPR 483, 490 (1997). Así, pues, el sistema propende a agotar, en primera instancia, los remedios provistos a nivel administrativo, antes de que proceda la intervención del foro judicial para revisar las determinaciones de las agencias.

Cónsono con lo anterior, la Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672, dispone que:

> **Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones**, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […]. (Negrillas suplidas).

Asimismo, la doctrina de agotamiento de remedios administrativos está recogida en la citada sección. Dicha doctrina

constituye, junto a la de jurisdicción primaria,[4] una norma de abstención judicial que pretende lograr que las reclamaciones sometidas inicialmente a la esfera administrativa lleguen al foro judicial en el momento adecuado. *Igartúa de la Rosa, et als. v. A.D.T.*, 147 DPR 318, 331 (1998). Su objetivo principal es evitar una intervención judicial innecesaria y a destiempo que tienda a interferir con el cauce y desenlace normal del procedimiento administrativo. *Delgado Rodríguez v. Nazario de Ferrer*, 121 DPR 347, 355 (1988).

Así, pues, la doctrina de agotamiento de remedios administrativos constituye un requisito jurisdiccional que no debe ser soslayado, a menos que se configure alguna de las limitadas excepciones que, al amparo de nuestro ordenamiento jurídico, justifican el trámite administrativo. *Igartúa de la Rosa v. A.D.T.*, supra, pág. 331. A tenor con ello, la Sección 4.3 de la LPAU dispone las excepciones a la referida doctrina:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

3 LPRA sec. 9673.

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

---

[4] Sobre la doctrina de jurisdicción primaria, el Tribunal Supremo dispone que esta se utiliza para determinar qué foro tiene jurisdicción original para dilucidar una controversia, si el judicial o el administrativo, en aquellos casos en que haya incertidumbre al respecto, de acuerdo con las funciones gubernamentales que la Asamblea Legislativa les delega a algunas agencias administrativas. Véase, *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 709 (2014).

**III**

Luego de evaluar el recurso de epígrafe, concluimos que nos encontramos impedidos de conceder remedio alguno para beneficio de Martínez, en virtud del recurso de epígrafe. Esto, debido a que su presentación resulta prematura. En consecuencia, carecemos de jurisdicción para adjudicarlo en los méritos.

En el caso de autos, no hay duda de que el recurrente inició un procedimiento administrativo ante la DRA, de conformidad con el Reglamento Núm. 8583 de 4 de mayo de 2015 del Departamento de Corrección[5]. Sin embargo, de conformidad con la doctrina de agotamiento de remedios administrativos, procede esperar que el Evaluador a cargo emita la respuesta correspondiente al miembro de la población correccional. No es hasta que la parte peticionaria recibe la respuesta, que se activa lo dispuesto en las Regla XIV del Reglamento Núm. 8583, sobre "revisión de respuesta de reconsideración de remedios administrativos" y, subsiguientemente, en la Regla XV del mismo reglamento, sobre "revisión judicial ante el Tribunal de Apelaciones".

En fin, toda vez que no tenemos constancia alguna de que el recurrente haya recibido la respuesta reglamentaria a la *Solicitud de Remedio Administrativo* instada ante la DRA, es forzoso concluir que todavía se encuentra impedido de presentar un recurso de revisión judicial ante este Foro. En consecuencia, y de conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, procede su desestimación, por resultar prematuro.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción, debido a que su presentación resulta prematura.

---

[5] *Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones